| M&T Bank v Bradford |
| :---: |
| 2025 NY Slip Op 34286(U) |
| November 19, 2025 |
| Supreme Court, Livingston County |
| Docket Number: Index No. 000044-2024 |
| Judge: Kevin G. Van Allen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF LIVINGSTON

———————————————————————

M&T BANK,

       Plaintiff,


   –against–

              **Index No. 000044-2024**
              **DECISION AND ORDER**


KIMBERLY BRADFORD, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF SAMUEL D.
BRADFORD a/k/a SAMUEL D. BRADFORD SR.,
ASSOCIATES CONSUMER DISCOUNT COMPANY,
JUSTIN BRADFORD, and JOHN DOE,
         Defendants.

———————————————————————

Plaintiff M&T Bank moves for (i) a default judgment pursuant to CPLR 3215, (ii) an Order of Reference under RPAPL § 1321, and (iii) related relief, including amendment of the caption.

Defendant Kimberly Bradford, individually and as Administratrix of the Estate of Samuel D. Bradford, opposes the motion and cross-moves for relief pursuant to CPLR § 3408, RPAPL § 1311, and RPTL §§ 1110, 1122, 1125, 1131, 1134, 1136, and 1137, seeking sanctions, dismissal of portions of the foreclosure claim, and return of this matter to the Foreclosure Settlement Conference Part.

The Court has reviewed the submissions, the NYSCEF record, and the history of conferences conducted between April 2024 and June 2025. For the reasons set forth below, Plaintiff's motion is denied in its entirety, and Defendant Bradford's cross-motion is granted in full.

## FINDINGS OF FACT

### 1. Procedural posture

Defendant appeared through counsel, participated in all foreclosure settlement conferences, submitted loss mitigation materials, completed a Trial Period Plan ("TPP"), and filed the present cross-motion. Defendant is not in default, and CPLR 3215 relief is unavailable.

## 2. Loss mitigation history

The record establishes that:

Defendant submitted a complete loss mitigation application, acknowledged by M&T on June 24, 2024.

M&T issued two "missing documents" notices; Defendant complied.

M&T approved Defendant for an FHA-HAMP TPP on January 8, 2025.

Defendant successfully completed the TPP.

After successful completion, M&T asserted a "title issue" involving conveyances from 2006 and 2008 — well before Defendant obtained any interest.

## 3. Plaintiff's conduct under CPLR 3408

While still in the Settlement Conference Part, Plaintiff failed to negotiate in good faith, unilaterally terminated loss mitigation review by letter dated April 10, 2025, and attempted to impose responsibility for decades-old conveyances on a party who had no authority to act until 2023. This constitutes a violation of CPLR § 3408(f).

## 4. Tax foreclosure and extinguishment of interest

Documents show conveyances to Anton Roth in 2006 and 2008, followed by a 2021 Livingston County tax foreclosure and tax deed recorded on November 24, 2021. Under RPTL §§ 1110, 1125, and 1137, Plaintiff's interest in those parcels has been extinguished as a matter of law.

## CONCLUSIONS OF LAW

### 1. Plaintiff is not entitled to a default judgment

A party who appears, participates in conferences, and files substantive motions cannot be defaulted. CPLR § 3215 does not apply.

### 2. Plaintiff is not entitled to an Order of Reference

Plaintiff failed to demonstrate an enforceable lien on all mortgaged premises, failed to comply with CPLR § 3408(f), and failed to join necessary parties. Substantial factual and legal issues bar RPAPL § 1321 relief.

### 3. Plaintiff violated CPLR § 3408(f)

By failing to negotiate in good faith and improperly terminating loss mitigation review, Plaintiff violated its statutory duties. Thus, sanctions are an appropriate remedy.

### 4. Appropriate sanctions

Under CPLR § 3408(i), (j), all interest, fees, and charges accruing from January 28, 2025 through the date of this Decision and Order are tolled and cancelled.

### 5. Plaintiff's claims as to tax-foreclosed parcels

Under RPTL § 1137's conclusive presumption, Plaintiff's interest in tax-foreclosed parcels is extinguished, and those portions of the foreclosure action are dismissed.

### 6. Return to Foreclosure Settlement Conference Part

This matter shall be returned to the foreclosure part.   Good-faith negotiation must resume.

NOW, THEREFORE, it is hereby ORDERED that:

1. Plaintiff's motion for Default Judgment and Order of Reference is DENIED in its entirety.

2. Defendant Bradford's cross-motion is GRANTED in full.

3. The Court finds that Plaintiff violated CPLR § 3408(f).

4. Pursuant to CPLR §§ 3408(i) and (j), all interest, late fees, attorney's fees, and other charges that accrued between January 28, 2025 and the date of entry of this Decision and Order are TOLLED AND CANCELLED. Plaintiff shall file a revised amount due within thirty (30) days from the date of this Order.

5. Plaintiff's mortgage interest in the parcels lost through the 2021 Livingston County tax foreclosure is EXTINGUISHED. Plaintiff's claims as to those parcels are DISMISSED.

6. This matter is RETURNED to the Foreclosure Settlement Conference Part.

7. Plaintiff shall, within 30 days, move to add all necessary parties holding title through the 2021 tax foreclosure pursuant to RPAPL § 1311.

[* 3]

8. Plaintiff's request to amend the caption to name Justin Bradford as a tenant defendant is GRANTED.

9. Plaintiff shall serve a copy of this Decision and Order with notice of entry upon all parties within ten (10) days.

This constitutes the decision and order of the Court.

Dated: Geneseo, New York

November 19, 2025

HON. KEVIN G. VAN ALLEN
Acting Justice of the Supreme Court

[* 4]